FEDERAL LAND BANK OF ST. LOUIS *v.* WRIGHT.

Opinion delivered November 14, 1927.

ATTACHMENT—EVIDENCE OF FRAUD.—Evidence that defendant was insolvent, and that he was endeavoring to sell the lumber attached for the purpose of delaying and hindering his creditors, warranted an attachment, and therefore the court erred in dissolving the attachment and allowing defendant damages therefor.

Appeal from Little River Chancery Court; *C. E. Johnson,* Chancellor; reversed.

*J. R. Crocker* and *Shaver, Shaver & Williams,* for appellant.

*A. D. DuLaney,* for appellee.

HUMPHREYS, J. This suit was instituted in the chancery court of Little River County by appellant to recover a judgment upon a note executed by appellee, John P. Wright, and indorsed by the Little River National Farm Loan Association of Ashdown, and to foreclose a mortgage executed by Wright and his wife upon 628 acres of land in said county to secure same. In addition to setting out the note and mortgage and alleging the breaches thereof, entitling appellant to a judgment for the balance due upon said note and a decree of foreclosure and order of sale of the land to apply upon the judgment, it was alleged that, by reason of Wright's failure to pay the State, county and road improvement district taxes for a number of years, the value of the mortgaged lands had decreased until not worth exceeding $1,500, leaving a large deficit between the indebtedness due and the value of the lands, and that appellee, John P. Wright, owned several cars of lumber located on the Frisco Railroad tracks at Foreman, Arkansas, which he was about to sell, convey or otherwise dispose of by shipping the same without the State of Arkansas, with the fraudulent intent to cheat, hinder or delay his creditors in the collection of their debts, and, being insolvent, appellant was entitled to an attachment against the lumber for the amount of the indebtedness in excess of the value of the lands. An

attachment was issued and levied upon said lumber. A motion was made by appellee, Wright, to dissolve the attachment, which the court overruled, over his objection and exception.

Appellee, Wright, controverted the alleged ground of attachment in his answer.

Upon a hearing of the whole case the court found that, on the date of the rendition of the decree, November 30, 1926, the amount due upon the note, including interest, was $2,757.50; that the mortgaged lands were not worth the amount of the mortgage debt, taxes and assessments lawfully charged against them; that, at the time the complaint was filed, appellant caused an attachment to be issued and levied upon said lumber; that the attachment was wrongfully obtained, and ought to be dissolved; and that, for the wrongful issuance and levy of the attachment, said appellee should have judgment as an offset against the debt as damages for the depreciation and difference in the value of said lumber from the date of the levy, which was on the 20th day of October, 1926, until the date of the rendition of the judgment, which was on November 30, 1926, in the sum of $1,714.50. Based upon the aforesaid findings, the court dissolved the attachment and allowed Wright the amount of damages aforesaid as a credit on the note, and rendered a judgment against him and his surety for $1,043 principal and interest, and a decree of foreclosure of the mortgage lien upon the lands, and an order of sale thereof to satisfy said judgment.

An appeal has been duly prosecuted from that part of the decree dissolving the attachment and allowing Wright an offset of $1,714.50 for damages on account of the levy of the writ of attachment. Appellee, Wright, owned 1,568 acres of land in Arkansas. He mortgaged 628 acres of it to appellant to secure the note and mortgage made the basis of this suit and 220 acres to secure a $2,000 loan to it. He mortgaged 235 acres to the Murray Gin Company for $5.657. After making these mortgages he allowed all his lands, including those not mort-

gaged, to forfeit to the State for taxes, and the road improvement taxes to accumulate against them. When this suit was instituted it would have required $283.91 to redeem the 628-acre tract, sought to be foreclosed, from the State, and $1,983.34 to redeem said tract from the nonpayment of the road taxes. It would likewise have required a large amount to redeem his other lands from the tax forfeitures. Prior to the institution of this suit, several judgments had been obtained against Wright, and he had quite a number of debts which were past due, including the debt to appellant, which had fallen due by reason of breaches committed by appellant under the terms of the mortgage. He refused to pay the mortgage indebtedness or to redeem the mortgaged lands from the tax forfeiture. In conversation with the attorney representing appellant, just prior to the institution of this suit, he said that he had sold the lumber at Foreman, consisting of 140,000 feet, for $1,600, and would pay $1,000 of the amount on appellant's note, but later, and prior to the institution of the suit, he withdrew the promise and refused to pay any part of the proceeds from the lumber on appellant's debt. Almost all of his lands were wild. A small portion of the acreage on the 628-acre tract was in cultivation and had a small house upon it. It is reflected by the weight of the evidence that the land was worth four or five dollars an acre, and that it would cost almost the entire value of the lands to redeem them from the tax forfeitures, leaving only a small margin in value to apply upon the mortgage indebtedness. Wright had built a cotton gin upon the land he mortgaged to the gin company, at a cost of $13,000, which proved to be a losing proposition. They only ginned forty bales of cotton during the season of 1926. We think it apparent that there was no equity in that property, and that it would not have sold for enough to pay the mortgage thereon. Wright's other property consisted of log-wagons of the value of $300, 14 head of horses and mules of the value of $980, harness of the value of $150, a saw-mill of the value of $750, merchandise of the value of

$2,000, and outstanding accounts amounting to $1,500, a small amount of hay and corn, and thirty head of cattle upon which there was a mortgage to the State Bank Commissioner.

At the time of the institution of the suit the clerk's record showed that judgments had been rendered against Wright in favor of the Procter-Gamble Distributing Company for $255.24, Van Vleet-Mansfield Drug Company for $211.73, Citizens' Bank of Foreman for $1,042, and Loid Rainwater, State Bank Commissioner, for $250.38. He also owed appellant about $3,000, for which this suit was brought, and which had become due on account of his failure to make payments provided for in the mortgage; and $2,000 to appellant on a note and mortgage secured by 220 acres of land, and $5,657, $2,800 of which amount was past due, to the Murray Gin Company, which was secured by a mortgage on 235 acres; $283.91 was necessary to redeem the 628-acre tract of land from the State, $1,983.34 to redeem the lands from the nonpayment of the road improvement district taxes, and large amounts necessary to redeem the other lands from the State, and various amounts due other creditors, totaling, perhaps, as much as $2,000.

We are convinced, after a careful reading and analysis of the testimony, at the time of the issuance and levy of the attachment John P. Wright was insolvent in the sense that he was unable to pay his debts, and that his purpose in selling and attempting to ship the lumber which was afterwards attached in this action was to at least delay and hinder his creditors. It is quite apparent that there will be a deficiency judgment when the 628-acre tract of land is sold under the foreclosure decree, and also apparent that it will take about all his other lands are worth to redeem them from the tax assessments and forfeitures. The attachment should have been sustained, and judgment should have been rendered against John P. Wright and his surety for the full amount due upon the note. The trial court erred in dissolving the attachment and in rendering judgment against John P.

Wright and his surety for only $1,043 and in awarding $1,714.50 for damages on account of the levy of the attachment. His cross-complaint for damages should have been dismissed.

The judgment and decree are reversed, and the cause is remanded with directions to proceed in accordance with this opinion.